IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN A. BARBER, ) | |
| ) | 8:07cv52 |
| Plaintiff, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | |
| ) | |
| THOMAS CAFFARELLO, JR., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Filing No. 2, the Motion to Proceed In Forma Pauperis ("IFP") filed by the plaintiff, Steven A. Barber. The plaintiff, who resides in Nebraska, asserts a claim against an individual who resides in Arkansas. The plaintiff complains that the defendant has been telling lies about the plaintiff to the defendant's former wife, who now resides in Nebraska, and that the defendant has harassed the plaintiff with unwelcome letters. The plaintiff changed his telephone number to avoid telephone calls from the defendant. The plaintiff fears "trouble" if the defendant visits Nebraska, as the plaintiff has cause to believe that the defendant previously committed aggravated assault on someone else in Florida. Unfortunately, when the plaintiff tried to obtain an order of protection in the Douglas County District Court, the state judge found that the plaintiff's allegations did not rise to the level of a protection order (Filing No. 1 at 8).

By moving for leave to proceed IFP, the plaintiff subjects the complaint to initial and subsequent review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

      (A) the allegation of poverty is untrue; or

      (B) the action or appeal--
      (i) is frivolous or malicious;
      (ii) fails to state a claim on which relief may be granted; or
      (iii) seeks monetary relief against a defendant who is immune from such relief.

In this case, whether or not the plaintiff qualifies financially to proceed IFP, the complaint fails to state a claim on which relief may be granted. In addition, the plaintiff's complaint and this action must be dismissed for lack of subject matter jurisdiction in federal court.

## Jurisdiction

<u>Federal Question</u>

For a federal court to have jurisdiction under the federal question jurisdictional statute, 28 U.S.C. § 1331, the plaintiff must assert a substantial federal claim. The complaint in this case does not state a basis for subject matter jurisdiction under 28 U.S.C. § 1331. The plaintiff may have a cause of action under state law, but the complaint does not state a claim arising under the Constitution, laws, or treaties of the United States, as required by 28 U.S.C. § 1331.

The plaintiff believes that because the defendant used the United States mail to harass him, federal law creates a basis for a federal court to "punish" the defendant (Filing No.. 1 at 6). However, while the plaintiff may always report criminal conduct to law enforcement authorities, the plaintiff may not act as a private prosecutor. Even if the defendant could be subject to criminal prosecution for the acts alleged by the plaintiff, federal law does not provide a private cause of action enabling a private citizen to prosecute another private citizen for the alleged violation of federal criminal law.

<u>Civil Rights</u>

28 U.S.C. § 1343 grants the federal district courts original jurisdiction "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3) is the jurisdictional counterpart to 42 U.S.C. § 1983, which provides a remedy for certain deprivations of a claimant's civil rights. To state a claim for relief in an action under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under "color of state law."

"The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the State?'" <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 838 (1982); <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 937 (1982). Thus, an allegation that a private individual has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. See, e.g., <u>Pino v. Higgs</u>, 75 F.3d 1461, 1464-67 (10th Cir. 1996): "To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States. 42 U.S.C. § 1983." Therefore, if the actions of the defendant were "not state action, our inquiry ends." <u>Rendell-Baker v. Kohn</u>, 457 U.S. at 838. In this case, the plaintiff has alleged no facts suggesting that the defendant could be considered a state actor, i.e., acting under color of state law.

Diversity of Citizenship

Subject matter jurisdiction based on 28 U.S.C. § 1332 requires diversity of citizenship and an amount in controversy of at least $75,000. An action founded on diversity jurisdiction must be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir. 2002). Put another way, "[t]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." Id. at 885. In this case, the plaintiff has, as yet, suffered no damages. His factual allegations clearly indicate that his concern is limited to the possibility of future injury.

Subject matter jurisdiction is a particularly important concern in the federal district courts. For example, Fed. R. Civ. P. 12(h)(3) states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Often a case which cannot be brought in federal district court may nonetheless be filed in a state court. That is because the federal district courts are courts of "limited jurisdiction," while the state courts are courts of "general jurisdiction."

Filing No. 2 is denied. This case will be dismissed pursuant to Fed. R. Civ. P. 12(h) and 28 U.S.C. § 1915(e)(2)(B). Judgment will be entered accordingly.

SO ORDERED.

DATED this 12th day of February, 2007.

                                                BY THE COURT:

                                                s/Laurie Smith Camp
                                                United States District Judge